IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON E. EVANS, | § | |
| | § | |
| Defendant Below, | § | No. 329, 2024 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. K2008009878 |
| | § | |
| Appellee. | § | |

Submitted: August 26, 2024
Decided: August 29, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)    On August 12, 2024, the appellant, Jason E. Evans, filed a notice of appeal from a July 8, 2024 Superior Court order sentencing Evans for a violation of probation. Under Supreme Court Rule 6, a timely notice of appeal was due on or before August 7, 2024. The Senior Court Clerk issued a notice directing Evans to show cause why the appeal should not be dismissed as untimely filed.

(2)    In response, Evans asserts that he gave the notice of appeal to a correctional officer for mailing on July 30, 2024. He contends that the untimely

filing is therefore attributable to correctional officers or the United States postal service.

(3)     The appellate jurisdiction of this Court rests upon perfecting an appeal within the applicable time period.[1]  A notice of appeal must be received by the Court within the applicable time period to be effective.[2]  An appellant's self-represented, incarcerated status does not excuse a failure to comply strictly with the jurisdictional requirements.[3]  An untimely appeal cannot be considered unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[4]  Correctional officers and other "'prison personnel are not court-related personnel, and Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal filed at the time it is delivered to prison authorities for mailing.'"[5]

(4)     Nothing in the record indicates that the untimely filing of this appeal is attributable to court-related personnel.  The envelope that contained the notice of appeal was addressed to the Superior Court Chief Court Reporter instead of to this

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] DEL. SUPR. CT. R. 10(a).

[3] *E.g.*, *Harrison v. State*, 2023 WL 6854781, at *1 (Del. Oct. 17, 2023); *see also Smith v. State*, 47 A.3d 481, 481-82 (Del. 2012) (dismissing prisoner's *pro se* direct appeal, filed one day late, as untimely).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] *Hester v. State*, 2022 WL 2913357, at *1 (Del. July 22, 2022) (quoting *Schafferman v. State*, 2016 WL 5929953, at *1 (Del. Oct. 11, 2016)).

Court. Although it appears that the envelope may have been received at that location on August 7, 2024, the last day for filing a timely appeal, the Court has held that "filing a notice of appeal with the [Superior Court] within the applicable time period does not constitute compliance with the jurisdictional requirements of this Court."[6] Because the untimeliness of this appeal is not attributable to court-related personnel, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *Allen v. State*, 2012 WL 5873672, at *1 (Del. Nov. 20, 2012); *see also Muhammad v. State*, 2024 WL 3895324 (Del. Aug. 21, 2024) (dismissing untimely appeal that appellant mailed to the Superior Court Prothonotary, which received it within the applicable time for filing); *Sheldon v. State*, 2010 WL 2796621 (Del. July 15, 2010) (dismissing untimely violation of probation appeal that the appellant mistakenly filed in Superior Court based on advice provided by someone in the prison law library).